IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KOMAA MNYOFU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOARD OF EDUCATION OF RICH | ) |
| TOWNSHIP HIGH SCHOOL DISTRICT | ) |
| 227, ANTOINE BASS | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

NOW COMES Plaintiff, KOMAA MNYOFU, by his attorneys, LOEVY & LOEVY, and brings this action to stop Defendants, BOARD OF EDUCATION OF RICH TOWNSHIP HIGH SCHOOL DISTRICT 227 and its president, ANTOINE BASS, from violating his First Amendment rights and to remedy the violations that have already occurred. In clear violation of the U.S. Constitution and in an affront to the long and proper tradition of robust public criticism of public officials that is vital to a well-functioning democracy, Defendants believe they can prohibit the public from "chastising" public officials at public meetings. In support of his Complaint, MNYOFU alleges:

## PARTIES

1. MNYOFU is a resident of Cook County, Illinois.

2. BOARD OF EDUCATION OF RICH TOWNSHIP HIGH SCHOOL DISTRICT 227 is a unit of government located in Cook County.

3.     ANTIONE BASS is the President of the RICH DISTRICT 227 Board, and is sued in both his individual and official capacities.

### RICH DISTRICT 227's ILLEGAL POLICIES AND PRACTICES

4.     RICH DISTRICT 227 Board meetings are a designated public forum.

5.     RICH DISTRICT 227's practices with regard to public comment at Board meetings are untaken by the RICH DISTRICT 227 Board, which has final policymaking authority to regulate public comments at Board meetings, collectively or through the Board President who presides over such meetings.

6.     RICH DISTRICT 227 has no written policies specific to how public comments at Board meetings are handled, but instead relies on a general policy applicable to any visitors on school property.

7.     RICH DISTRICT 227's general visitor policy purports to confer upon the Board President the authority to issue a directive prohibiting a speaker, during the speaker's allotted time to speak during the public comment portion of a Board meeting, from mentioning specific staff members, identified by name, in a disparaging manner.

8.     RICH DISTRICT 227's widespread practice with regard to public comment at Board meetings is that RICH DISTRICT 227 (1) permits people to speak favorably about specific school officials by name, (2) permits people to speak unfavorably about people who are not school officials by name, and (3) prohibits people from speaking unfavorably about school officials by name.

9.     RICH DISTRICT 227 regulates speech about specific school officials at Board meetings based upon the opinion or perspective of the speaker about such officials and the speaker's specific ideology.

10. In prior litigation between the parties, RICH DISTRICT 227 Board members admitted that the Board attempts to prevent people from saying or discussing things that are not "agreeable to the Board majority" or things that "could be damaging to the district."

11. MNYOFU has previously filed two lawsuits against RICH TOWNSHIP for similar First Amendment violations. In both suits, the court denied RICH DISTRICT 227's dispositive motions. As such, Defendants are well aware of their First Amendment obligations.

### RICH DISTRICT 227'S ILLEGAL CENSORSHIP

12. On May 19, 2015, MNYOFU attended a RICH DISTRICT 227 school board meeting.

13. At that meeting, during his allotted time to speak, MNYOFU criticized the quality of education and test results at RICH DISTRICT 227, the way that RICH DISTRICT 227 is managed, the Board's decision to fire specific staff, and the conduct of individual elected Board members.

14. MNYOFU then argued that education was not improving because the Board was too busy protecting certain school officials for political reasons, and MNYOFU called those officials out by name.

15. BASS then banged his gavel and gave MNYOFU a "warning" and said "you are not going to chastise anybody, anywhere," at which point a security guard approached the front of the room near MNYOFU at the direction of BASS.

16. After MNYOFU refused to stop speaking about specific school officials, Defendants had MNYOFU forcibly removed from the meeting.

17. At this same meeting, members of the public were permitted to speak favorably about school officials by name and to confront MNYOFU directly.

18. Following the May 19 meeting, RICH DISTRICT 227 filed a state-court suit to prohibit MNYOFU from attending any RICH DISTRICT 227 Board meetings, or in the alternative, to "refrain from disparaging any staff members by name during his public testimony."

19. In its state-court filings, RICH DISTRICT 227 admits that it seeks to prohibit MNYOFU from "mention[ing] specific staff members, identified by name, in a disparaging manner" and from making supposedly "false accusations against Board and staff members," including accusations of "cronyism."

20. RICH DISTRICT 227's state-court filings further confirm that it is the policy and practice of Defendants not to permit criticism of specific public officials during Board meetings.

21. MNYOFU is defending the state-court action.

## COUNT I – FIRST AMENDMENT VIOLATION

22. The above paragraphs are incorporated by reference.

23. MNYOFU has a First Amendment right to criticize school officials by name at RICH DISTRICT 227 Board meetings.

24. Defendants deprived MNYOFU of his First Amendment right to criticize school officials by name at the May 19, 2015 RICH DISTRICT 227 Board meeting.

25. RICH DISTRICT 227 maintains a policy and practice of content-based discrimination that (1) permits people to speak favorably about specific school officials by name, (2) permits people to speak unfavorably about non-school officials by name, and (3) prohibits people from speaking unfavorably about school officials by name. BASS enforces this policy and practice.

26. There is no compelling reason or legitimate government interest of any kind in prohibiting criticism of public officials at public meetings while allowing favorable comments about public officials.

27. There is no compelling reason or legitimate government interest of any kind in prohibiting criticism of public officials at public meetings while allowing criticism of other people.

28. Defendants' practices are intended to prevent MNYOFU from speaking at public meetings.

29. Defendants will continue to prevent MNYOFU from speaking negatively about specific school officials unless enjoined.

**WHEREFORE,** MNYOFU asks this Court to:

A. enjoin Defendants from prohibiting him from criticizing school officials at RICH DISTRICT 227 Board meetings;

B. award him compensatory damages for First Amendment violations against both Defendants;

C. award him punitive damages against BASS;

D. award him attorney fees and costs against both Defendants; and

E. and award him any other relief the Court deems just.

## JURY DEMAND

Plaintiff, KOMAA MNYOFU, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

_____

Attorneys for Plaintiff
KOMAA MNYOFU


Matthew Topic
LOEVY & LOEVY
312 North May St., Suite 100
Chicago, IL 60607
312-243-5900
matt@loevy.com