## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KOMAA MNYOFU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-08884 |
| v. ) | |
| ) | Hon. Thomas J. Durkin |
| BOARD OF EDUCATION OF RICH ) | |
| TOWNSHIP HIGH SCHOOL DISTRICT ) | |
| 227, ANTOINE BASS, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

On December 22, 2015, the parties engaged in a settlement conference before Judge Schenkier. While the parties did not reach a monetary settlement in that settlement conference, they agreed to language for a revised public comment policy in lieu of injunctive relief. The parties then engaged in motion practice on Defendants' motion to dismiss and Plaintiff's motion for preliminary injunction, both of which were resolved in Plaintiff's favor. The parties were again referred to Judge Schenkier for settlement, where both parties believed they reached an agreement. Plaintiff's understanding of the agreement was that it included the previously discussed policy change and an agreement not to change that policy back to the prior policy, along with a monetary payment.

As the parties worked to document settlement, Plaintiff inquired about the policy-change term, which was not found in the agreement document furnished by Defendants, as well as the improper inclusion of a general release. In response, Defendants agreed that the agreement did not include a general release, but stated that the agreed-to settlement had not included any policy change. The parties then appeared for a status before Judge Schenkier, who recommended that

the parties agree to a policy change but without an ongoing agreement to keep it in force. At the next status, Defendants reported that they would not agree to any policy change and the settlement referral was terminated. This Court then set the parties for trial.

After further consideration, and in an effort to minimize the burden on the Court and Defendants' taxpayers, Plaintiff has agreed to accept Defendants' understanding of the agreement. Plaintiff informed Defendants of this, but in response, Defendants have now refused to proceed with the settlement terms that Defendants had previously accepted.

This Court has the power to enforce a settlement agreement. *See generally Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002); *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir. 2007). The common law principle of "mend the hold" limits the right of a party to a contract dispute to change its litigating position. *Harbor Ins. Co. v. Cont'l Bank Corp.*, 922 F.2d 357, 362 (7th Cir. 1990). Here, Defendants initially took the position that the parties had reached an agreement on particular terms, but after Plaintiff dropped his disagreement in an effort to put this case to bed, Defendants have changed their position and now claim, apparently, that there never was any agreement and that Defendants can walk away from exactly the agreement they claimed to have reached. Simply put, Plaintiff has bent over backwards to get this case resolved, and in response, Defendants have backed out of their own interpretation of the settlement.

RESPECTFULLY SUBMITTED,

*Matthew V. Topic*

_____

Attorneys for Plaintiff
KOMAA MNYOFU

Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
matt@loevy.com
joshb@loevy.com
Atty. No. 41295

## **CERTIFICATE OF SERVICE**

I, Matthew Topic, an attorney, certify that on September 23, 2016, I filed the foregoing **Plaintiff's Motion to Enforce Settlement Agreement** via the Court's electronic filing system, which effected service on all counsel of record.

/s/ Matthew V. Topic